Christyne M. Martens WSB #7-5044
Assistant United States Attorney
District of Wyoming
P.O. Box 22211
Casper, WY 82602
307-261-5434 (phone)
307-261-5471 (fax)
christyne.martens@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| **v.** | **Criminal No. 23-CR-141-S** |
| **CODY LEE FOSTER,** | |
| Defendant. | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION

### I.      Factual and Procedural Background

On September 20, 2023, the grand jury found that there was probable cause to believe that the Defendant had produced child pornography using minor victim 1 in eight separate incidents of sexual abuse. (Doc. 1). The grand jury also found there was probable cause to believe he possessed child pornography. (*Id.*).

This case came to the attention of law enforcement when the Federal Bureau of Investigation received a tip through a trusted foreign partner. Images of child pornography, that included a child's face, were being traded on the dark web and appeared to be freshly produced. The images also featured a tattoo on the forearm of the adult male sexually abusing the child.

Open-source image research allowed the FBI to identify minor victim 1 as a six-year-old girl in Wyoming and the adults in her orbit. The Defendant was a trusted caregiver for minor

victim 1. Once the Defendant was identified as a suspect, an undercover law enforcement officer struck up a conversation with him, getting a good look at the Defendant's tattoo in the process. The tattoo matched the child pornography received through the tip.

Based on the available information, search warrants were executed at the Defendant's home, his devices were seized, and he was arrested. During a *Mirandized* interview, the Defendant admitted that he viewed child pornography, but he denied sexual contact with minor victim 1.

A forensic review of his devices revealed that he had been sexually abusing minor victim 1 and filming it for months. Each charged count of production relates to images found on the Defendant's password protected phone. The images and videos feature the lascivious display of minor victim 1's genitals, minor victim 1 masturbating the Defendant, and the Defendant penetrating minor victim 1's vagina with his penis. The images were produced in the Defendant's bedroom, which is evident by the bedding, walls, and other features of the room. Minor victim 1's face is in some images, and in others she can be identified by moles and other distinguishing features.

In addition to the images the Defendant produced using minor victim 1, he possessed hundreds of files of child pornography, which featured the sexual abuse of infants and toddlers and depicted sadomasochistic activity. He also possessed approximately 62 images of other children that appear to have been surreptitiously captured in mostly public places. The images focus on the buttocks and genital area of clothed children who appear to have been in proximity to the Defendant.

The charged conduct represents the long term sexual abuse of a six-year-old girl. The evidence also shows that the Defendant sexualized children, even those he does not have easy access to. He is a dangerous child predator who should be detained. Furthermore, he faces a maximum sentence of 260 years, which makes him a flight risk.

**II.      The Defendant should remain detained before trial.**

The Bail Reform Act "establishes a two-step process for detaining individuals before trial." *United States v. Ailon-Ailon*, 875 F.3d 1334, 1336 (10th Cir. 2017). First, the court must determine whether the "defendant either has been charged with one of the crimes enumerated in Section 3142(f)(1) or that the defendant presents a risk of flight or obstruction of justice." *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988); *see also Ailon-Ailon*, 875 F.3d at 1336. Second, the Government must prove that there "is no condition or combination of conditions" that "will reasonably assure the [defendant's] appearance ... as required [as well as] the safety of any other person and the community." *Ailon-Ailon*, 875 F.3d at 1336 (quoting 18 U.S.C. § 3142(f)). Thus, the Bail Reform Act directs courts "to detain a person charged, pending trial, if the Government has made the necessary showing of dangerousness <u>or</u> risk of flight." *United States v. Montalvo-Murillo*, 495 U.S. 711, 717 (1990) (emphasis added); *United States v. Dermen*, 800 Fed.Appx. 665, 671 (10th Cir. 2020) (recognizing the Government need only prove risk of flight or dangerousness, not both).

To decide "whether there are conditions of release that will reasonably assure the appearance of the person as required" or "the safety of any other person and the community," courts must consider:

(1)      The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim . . . ;

(2)    the weight of the evidence against the person;

(3)    the history and characteristics of the person, including—

    (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B)    whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . .

18 U.S.C. § 3142(g). The Government bears the burden to prove by a preponderance of the evidence that a defendant poses a flight risk or by clear and convincing evidence that he poses a danger to the community. *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir, 2003). But it need not offer all of its evidence to meet its burdens. *Id*. at 618.

The Federal Rules of Evidence do not apply in pretrial detention proceedings. Fed. R. Evid. 1101(d)(3); 18 U.S.C. § 3142(f)(2)(B).  Accordingly, both the Government and the defense may present evidence by proffer or hearsay.

## A.    The Defendant is eligible for a detention hearing.

The first portion of this court's inquiry requires it to determine whether the "defendant either has been charged with one of the crimes enumerated in Section 3142(f)(1) or that the defendant presents a risk of flight or obstruction of justice." *Friedman*, 837 F.2d at 49. Section 3142(f)(1)(A) specifically lists crimes of violence. For the purpose of the Bail Reform Act, a crime of violence includes "any felony under chapter 77, 109A, 110, or 117." 18 U.S.C.

§ 3156(a)(4)(C). Production of child pornography, under 18 U.S.C. § 2251, and possession of child pornography, under 18 U.S.C. § 2252A, are offenses that are found in Chapter 110 of the United States Code. Therefore, each of the nine counts charged by the grand jury is a crime of violence and the Defendant is eligible for a detention hearing.

> **B.      There is a rebuttable presumption that the Defendant should be detained, and the evidence shows that no combination of conditions will assure his appearance and protect the community.**

Where there is probable cause to believe that a person has committed "an offense involving a minor victim under section . . . 2251 . . ." the Bail Reform Act commands that "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(E). While the Defendant may rebut that presumption, the nature of the Defendant's charges requires the court to apply it. *Id.*

"Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain." *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991). Thus, the Government must still "show by a preponderance of the evidence that the defendant presents a risk of flight, or by clear-and-convincing evidence that the defendant presents a danger to the community." *United States v. Holguin*, 791 F. Supp. 2d 1082, 1087 (D. N.M. 2011). "Notably, however, even if the defendant meets his or her burden of production under 18 U.S.C. § 3142(f),

5

'the presumption remains a factor for consideration by the district court in determining whether to release or detain.'" *United States v. Baker*, 349 F. Supp. 3d 1113, 1128 (D. N.M. 2018).

The nature and circumstances of the offense demonstrates that the Defendant should be detained. 18 U.S.C. § 3142(g)(1). As explained above, the grand jury found probable cause that the Defendant produced child pornography in eight separate incidents with minor victim 1. That represents the long-term sexual abuse of a six-year-old girl. His sentencing exposure is significant because he is facing up to 260 years, and the initial guideline calculation suggests that 260 years may be his guideline sentence. The fact of facing 260 years of imprisonment and realizing the strength of the Government's case supports the inference that a defendant is at risk to flee. *Cisneros*, 328 F.3d at 618.

The weight of the evidence supports his detention. 18 U.S.C. § 3142(g)(2). The government need not try its case to detain the defendant. *Cisneros*, 328 F.3d at 618. Again, the grand jury found probable cause to believe that the Defendant committed the crimes he is accused of. Several search warrants were issued, each with their own determination of probable cause. Furthermore, the Defendant photographed and filmed himself committing the sexual abuse of a child, evidence that is damning to say the least.

The Defendant's history and characteristics are of neutral weight in the courts consideration at best. 18 U.S.C. § 3142(g)(3). While he does not have a criminal history and he does have family and a place to go, his side business is renting inflatable "bounce houses" for children – a business that puts him in proximity to potential victims and has allowed him access to capture images of children.

Finally, the danger he poses to the community weighs heavily in favor of his detention. 18 U.S.C. § 3142(g)(4). The crimes charged here are violent crimes against a minor victim, which supports the conclusion that he poses a danger to the community. The surrounding evidence shows that his sexualization of children is not limited to minor victim 1, but appears to extend to every minor he comes across.

### III.    Conclusion

This Court should order that the Defendant remain detained pending trial because he is a flight risk and poses a danger to the community.

**DATED** this 4th day of October, 2023.

NICHOLAS VASSALLO
United States Attorney


By:    */s/ Christyne M. Martens*
CHRISTYNE M. MARTENS
Assistant United States Attorney


### CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2023, the foregoing **Government's Memorandum in Support of Pretrial Detention** was electronically filed and consequently served on defense counsel.


*/s/ Vickie L. Smith*
UNITED STATES ATTORNEY'S OFFICE

7