Christyne M. Martens WSB #7-5044
Paige Hammer WSB #7-5882
Assistant United States Attorneys
District of Wyoming
P.O. Box 22211
Casper, WY   82602
307-261-5434 (phone)
307-261-5471 (fax)
christyne.marents@usdoj.gov
paige.hammer@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CODY LEE FOSTER,<br><br>    Defendant. | Docket No. 23-CR-141-S |

## GOVERNMENT'S NOTICE OF INTENT TO OFFER EXPERT TESTIMONY

The United States of America hereby submits its notice of intent to offer expert testimony. Fed. R. Crim. P. 16(a)(1)(G). The United States reserves the right to further supplement this notice.

**SPECIAL AGENT BRETT KNISS, WYOMING DIVISION OF CRIMINAL INVESTIGATION**

*Qualifications*: Special Agent Brett A. Kniss has been certified as a professional Wyoming Peace Officer since 2012 and has been a law enforcement officer for over 24 years. He has been employed as a sworn Special Agent with the Wyoming Division of Criminal Investigation (DCI) since 2015 and is assigned to the DCI Computer Crime Team (CCT) / Internet Crimes Against Children Task Force (ICAC). SA Kniss was formerly employed at the Franklin, Tennessee, Police Department, and was assigned as a Task Force Officer to the FBI's Middle Tennessee ICAC Task Force from 2007 to 2012. SA Kniss has been trained in the

investigation of computer use in the exploitation of children and trained in the methods of forensic analysis of computers used in criminal activity. He has also received training on how various peer-to-peer file-sharing networks operate. In 2010, SA Kniss became a Certified Forensic Computer Examiner through the International Association of Computer Forensic Specialists. SA Kniss has conducted numerous forensic examinations of digital media in the course of his employment as a law enforcement officer and has testified as an expert witness in the field of computer forensics before both federal and state courts in the state of Tennessee. SA Kniss has also been assigned to operate in an undercover capacity on the Internet by the Director of the DCI for the purpose of identifying and investigating persons attempting to exploit or solicit sexual acts with children.

SA Kniss' duties and responsibilities as a DCI Special Agent are: conducting state and federal investigations related to technology-facilitated crimes; conducting certified computer forensic examinations on computers, computer equipment, digital media, digital cameras, cellular phones, and all peripherals involved in Internet Crimes Against Children and Narcotics Trafficking; serving arrest warrants, executing search warrants; and developing criminal cases for presentation before the courts in state and federal venues.

*Summary of Testimony*: SA Kniss would testify about his role in the investigation in this case and the opinions he has reached based on his investigation. SA Kniss would further testify regarding how child exploitation investigations are conducted, including his knowledge of the use of abbreviations and acronyms used by individuals in these investigations. He would further testify regarding his investigation, preservation, and retrieval of digital information, cloud storage accounts, and email accounts as well as the digital devices seized from the Defendant.

SA Kniss would testify regarding the procedures he used to preserve and analyze the items seized from the Defendant's cloud storage accounts, email accounts, and the digital/electronic devices and would testify to the opinions and conclusions he reached based on his investigation. SA Kniss would provide percipient and opinion testimony as to the forensic downloads and extraction of digital information from the cellular telephone seized during the investigation of this case. SA Kniss would testify regarding the investigation, preservation, and retrieval of digital information from the cellular telephone and other electronics seized. SA Kniss would testify regarding the procedures used to preserve the data contained on the seized computing devices, the cloud accounts and other electronics, the process of extraction of the data from the computing devices using specific software, and the analysis of the computing devices. SA Kniss would testify as to what files were found on which of the Defendant's devices and how they were stored on said devices. Specifically, SA Kniss would set forth the findings of the forensic examinations of the computer, the cloud accounts, the electronic devices and the various files that were discovered during the examinations and will render an opinion consistent with reports and other information provided in discovery, including that the Defendant operated the devices and accounts at issue, that the Defendant used the devices and accounts in the charged conduct, and that the Defendant's accounts and devices were not hacked.

  SA Kniss would further testify how it is extremely common for child pornography users to have social media, email accounts, and cloud storage. SA Kniss would explain to the jury how different social media platforms operate, and how individuals upload files, photos, and videos on servers, to a cloud storage which allows members to access them from any computer with an internet connection. SA Kniss would further explain how individuals use social media, email,

and cloud storage to share different types of media without physically storing information on their own personal electronic devices.

SA Kniss would explain to the jury how Telegram works and how such social media applications are used by individuals to upload files, photos, and videos on servers, to a cloud storage which allows members to access them from any computer with an internet connection. He would explain how different social media platforms operate, and how individuals upload files, photos, and videos on servers, to a cloud storage that allows members to access them from any computer with an internet connection. He would further explain how individuals use social media, email, and cloud storage to share different types of media without physically storing information on their own devices.

He will opine that the Defendant's devices were not manufactured in Wyoming and that they were manufactured as alleged in the indictment and as shown on any trade inscriptions.

SA Kniss' qualifications are further detailed in his curriculum vitae, attached hereto as *Exhibit 1*.

SA Kniss has authored no publications within the past ten years and has not testified as an expert at trial or by deposition within the past four years. Fed. R. Crim. P. 16(a)(1)(G)(iii).

/s/ Brett Kniss
SA BRETT KNISS
Wyoming Division of Criminal Investigation

### INVESTIGATOR DANIEL BROWN, WYOMING DIVISION OF CRIMINAL INVESTIGATION

*Qualifications:* Daniel Brown is a Wyoming DCI Digital Forensics Investigator stationed in Cheyenne, Wyoming. As part of Investigator Brown's duties with DCI, he conducts forensic analysis of computer evidence obtained during various investigations and operations.

Investigator Brown began working with DCI as an intern in January 2021 before transitioning to full-time employment in his current capacities during August 2022. He has accumulated over 1,000 hours of experience processing and analyzing digital forensic evidence. Investigator Brown has multiple certifications associated with digital forensics, including certifications in Griffeye DI Pro, osTriage, SQLitePrimer, and advanced digital forensic analysis in Microsoft Windows. He also possesses experience utilizing various Cellebrite tools, useful for extracting and viewing information contained on cellular devices.

Prior to joining DCI, Investigator Brown became a Certified PC Technician through Gillette Community College in Gillette, Wyoming, and completed the Law Enforcement Administrative Program through Fox Valley Technical College in Cheyenne, Wyoming. Investigator Brown is presently completing a bachelor's degree in Computer Forensics and Digital Investigation through Champlain College in Burlington, Vermont.

Investigator Brown has authored no publications within the past ten years and has not testified as an expert at trial or by deposition within the past four years. Fed. R. Crim. P. 16(a)(1)(G)(iii).

***Summary of Testimony:*** Investigator Brown would testify about his role in this case's investigation and his opinions reached based on that investigation. Specifically, he would testify as to his investigation, preservation, and retrieval of digital information, storage accounts, and email accounts attributed to the Defendant, in addition to the digital devices seized from the Defendant. Investigator Brown would testify regarding the procedures used to preserve and analyze data contained in the Defendant's accounts and devices with an emphasis upon the forensic download and extraction of that data, particularly via write-blockers and software such

as X-Ways, Griffeye, Registry Explorer, Axiom, and Cellebrite. Further, Investigator Brown would discuss data preservation procedures, his analytical procedures, and how he reached conclusions regarding the content associated with the specific offenses charged in this case. Investigator Brown would testify as to what files were found on which of the Defendant's devices and how they were stored on said devices. Investigator Brown will render an opinion consistent with reports and other information provided in discovery, including that the Defendant operated the devices and accounts at issue, that the Defendant used the devices and accounts in the charged conduct, and that the Defendant's accounts and devices were not hacked.

      Investigator Brown would further testify how it is extremely common for child pornography users to have messaging applications, social media, email accounts, and cloud storage. Investigator Brown will explain to the jury how different messaging applications, social media, email accounts, and cloud storage platforms operate, and how individuals upload files, photos and videos on servers, to such online accounts which allows members to access them from any digital devises with an internet or data connection. Investigator Brown will further explain how individuals use messaging applications, social media, email, and cloud storage to share different types of media without physically storing information on their own personal digital/electronic devices. He will explain that using mobile devices to access messaging applications, social media, email accounts, and cloud storage uses a combination of the internet and cellular telephone networks. He will explain that using computers to access messaging applications, social media, email accounts, and cloud storage uses the internet. He will explain to the jury how Microsoft Online Operations (Microsoft BingImage) works.

Investigator Brown would explain that it is common for child pornography distributors and possessors to store contraband on personal digital/electronic devices and make illicit content available to other internet users through various file-sharing interfaces. He will explain that it is also common for child pornography distributors and possessors to store child erotica on personal digital/electronic devices and make child erotica available to other internet users through various file-sharing interfaces.

He will opine that the Defendant's devices were not manufactured in Wyoming and that they were manufactured as alleged in the indictment and as shown on any trade inscriptions.

Investigator Brown's qualifications are further detailed in his curriculum vitae, attached hereto as *Exhibit 2*.

/s/ Daniel Brown
INVESTIGATOR DANIEL BROWN
Wyoming Division of Criminal Investigation

### FORENSIC SPECIALIST ASHLEE LYNCH, WYOMING STATE CRIME LABORATORY

***Qualifications:***   Ashlee Lynch has been a Forensic Specialist with the Wyoming State Crime Laboratory since February 2022.   Ms. Lynch received a Bachelor of Science degree in Biology from Western Oregon University in 2018 and a Master of Science degree in Forensic Science from the University of California at Davis in 2019.   Since becoming a Forensic Specialist at the Wyoming State Crime Lab, Ms. Lynch has received continuing education in her field by attending numerous conferences, training sessions and workshops.

Forensic Specialist Lynch's qualifications and a list of previous expert testimony are further detailed in her curriculum vitae and list of testimonies, attached hereto as *Exhibit 3*. Further,

Specialist Lynch has listed her presentations in the last ten years in her curriculum vitae. Fed. R. Crim. P. 16(a)(1)(G)(iii).

***Summary of Testimony:*** Ms. Lynch would testify generally about Serology and DNA analysis and testing, why the tests performed were performed, why other tests were not performed, and why particular areas of evidence were serologically tested or tested for DNA when others were not. Ms. Lynch would explain the statistical analysis employed in DNA reports and will explain and describe the population statistics relied upon. Further, Ms. Lynch would testify to the comparisons of the DNA with the samples she received for testing and will testify to the process and procedures used in DNA analysis and would testify consistently to the results, interpretations, opinions, and conclusions of this analysis as set forth in her laboratory report dated September 2, 2023, Laboratory Number 23L3172, which the government previously produced in discovery.

### FORENSIC ANALYST RICHARD COLES, WYOMING STATE CRIME LABORATORY

***Qualifications:*** Richard Coles has been a Forensic Analyst with the Wyoming State Crime Laboratory since January 2018. Mr. Coles received a Bachelor of Science degree in Molecular Biology from the University of Wyoming in 2019 and is currently pursuing a Master of Science in Pharmacy/Forensic DNA and Serology form the University of Florida. Since becoming a Forensic Analyst at the Wyoming State Crime Lab, Mr. Coles has received continuing education in his field by attending numerous conferences, training sessions and workshops.

Forensic Analyst Cole's qualifications and a list of previous expert testimony are further detailed in his curriculum vitae and list of expert testimony, attached hereto as *Exhibit 4*. Further,

Analyst Cole has authored no publications within the past ten years. Fed. R. Crim. P. 16(a)(1)(G)(iii).

*Summary of Testimony:* Mr. Coles would testify generally about Serology and DNA analysis and testing, why the tests performed were performed, why other tests were not performed, and why particular areas of evidence were serologically tested or tested for DNA when others were not. Mr. Coles would explain the statistical analysis employed in his DNA report and will explain and describe the population statistics relied upon. Further, Mr. Coles would testify to the comparisons of the DNA with the samples he received for testing and would testify to the process and procedures he used in his analysis and will testify consistently to his results, interpretations, opinions, and conclusions of this analysis as set forth in his laboratory reports dated September 2, 2023, Laboratory Number 23L3172, which the government previously produced in discovery.

### SPECIAL AGENT NICOLE JONES, FEDERAL BUREAU OF INVESTIGATION

*Qualifications:*   Nicole Jones has been a Special Agent with the Federal Bureau of Investigation since August 2021.  SA Jones received a Bachelor of Arts in Social Work from Elizabethtown College, Elizabethtown, Pennsylvania in May of 2008 and a Master of Social Work from the University of New England, Biddeford, Main in 2016. Since becoming a special agent, SA Jones has attended training at the FBI Academy in Quantico, Virginia and has served as a member of the Wyoming Internet Crimes Against Children Task Force since January 2022. SA Jones has participated in numerous arrest and search warrants as a case agent and also as an assisting agent.

***Summary of Testimony***: SA Jones would testify about her role in the investigation in this case and the opinions she has reached based on her investigation. SA Jones would further testify regarding how child exploitation investigations are conducted, including her knowledge of the use of abbreviations and acronyms used by individuals in these investigations. She would further testify regarding her investigation, preservation, and retrieval of digital information, cloud storage accounts, and email accounts as well as the digital devices seized from the Defendant. SA Jones will render an opinion consistent with reports and other information provided in discovery, including that the Defendant operated the devices and accounts at issue, that the Defendant used the devices and accounts in the charged conduct, and that the Defendant's accounts and devices were not hacked.

SA Jones would further testify how it is extremely common for child pornography users to have social media, email accounts, and cloud storage. SA Jones would explain to the jury how different social media platforms operate, and how individuals upload files, photos, and videos on servers, to a cloud storage which allows members to access them from any computer with an internet connection, especially Telegram. SA Jones would further explain how individuals use social media, email, and cloud storage to share different types of media without physically storing information on their own personal electronic devices.

She will opine that the Defendant's devices were not manufactured in Wyoming and that they were manufactured as alleged in the indictment and as shown on any trade inscriptions.

SA Jones' qualifications are further detailed in her curriculum vitae, attached hereto as *Exhibit 5*.

SA Jones has authored no publications within the past ten years and has not testified as an expert at trial or by deposition within the past four years. Fed. R. Crim. P. 16(a)(1)(G)(iii).

*/s/ Nicole Jones*
SA NICOLE JONES
Federal Bureau of Investigation

The United States asserts that this notice and the reports previously provided to the Defendant, as well as the actual files obtained from the Defendant's electronic devices and online accounts, satisfy the requirements of Rule 16(a)(1)(G). If, after viewing this notice and the attachments, the Defendant requests further information or has concerns under Rule 16, the United States requests the Defendant advise as to what further information is necessary to prepare for trial.

Respectfully submitted this 16th day of October, 2023.

                                                       NICHOLAS VASSALLO
                                                       United States Attorney

                                    By:    */s/ Christyne M. Martens*
                                               CHRISTYNE M. MARTENS
                                               Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2023, the foregoing was filed via CM/ECF and thereby served upon counsel for the Defendant.

                                            */s/ Janee Woodson*
                                        UNITED STATES ATTORNEY'S OFFICE